IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

DANIEL LOPEZ DEL VALLE

Debtor

_____

FERNANDO APONTE AVILES

Plaintiff

v.

DANIEL LOPEZ DEL VALLE;
ROBERTO ROMAN VALENTIN, CHAPTER 7
TRUSTEE

Defendant(s)

CASE NO. 24-04580 (MCF)

CHAPTER 7

ADVERSARY CASE NO. 25-00002

## OPINION AND ORDER

A dispute between two adjacent landowners has led to a complaint that seeks to declare a debt nondischargeable (Docket No. 1). Fernando Aponte Aviles ("Plaintiff") asserts that Debtor, Daniel Lopez del Valle ("Defendant") knowingly caused landslides on Plaintiff's property by making unauthorized soil cuts to his property which resulted in damages. In response, Defendant moved to dismiss under Federal Rule of Civil Procedure12(b)(6) (Docket No. 10), arguing that his actions were not willful and malicious, but at most negligent. For the reasons stated herein, the motion to dismiss is denied.

-1-

## I. POSITIONS OF THE PARTIES

In the dischargeability complaint, Plaintiff claims that the local court held that the soil cuts made by Defendant were willfully and maliciously made and were harmful to Plaintiff. In support of his assertions, Plaintiff submits the local court judgment and a photo of an aerial view of his property.[1]

Defendant moves to dismiss the complaint with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6), asserting that the complaint fails to state a claim upon which relief can be granted. Defendant argues that his acts were not willful and malicious, but rather negligent according to the local court judgment. Defendant states that Plaintiff's complaint lacks sufficiently well-pleaded facts under 11 U.S.C § 523(a)(6) and asserts that the local court judgment does not support "willful and malicious conduct," but negligent conduct.

## II. GOVERNING LAW

### A. Standard for motion to dismiss under Civil Rule 12(b)(6)

Rule 12(b)(6) , applicable to adversary proceedings through Fed. R. Bankr. P. 7012(b), states that "[e]very defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: … [for] failure to state a claim upon which relief can be granted." When evaluating a Rule 12(b)(6) motion, the court's objective is to assess whether the factual allegations in the plaintiff's complaint establish a plausible claim for relief. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); *Foley*

---

[1] Even though Plaintiff provided a copy of the state court judgment in <u>Fernando Aponte Avilés v. Daniel López del Valle and Migdalia Franco Meléndez,</u> Case No. GM2022CV00536, Commonwealth of Puerto Rico, Court of First Instance, Humacao Section, the court relied on the allegations of the instant complaint at this juncture and did not review the contents of the local court judgment.

*v. Wells Fargo Bank*, N.A., 772 F.3d 63, 71 (1st Cir. 2014). The court is required to accept all factual allegations in the complaint as true. *Foley,* 772 F.3d at 71. The primary purpose of such a motion is to dismiss cases that lack plausible claims; therefore, plaintiffs need not present evidence at this stage but allege enough facts to state a plausible claim for relief. *Id.* at 71.

Rule 8(a)(2) of the Federal Rules of Civil Procedure, applicable to adversary proceedings through Fed. R. Bankr. P. 7008, mandates that complaints contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "Although detailed factual allegations are not required, the Rule does call for sufficient factual matter." *Surita Acosta v. Reparto Saman Inc.*, 464 B.R. 86, 90 (Bankr. D.P.R. 2012). To survive a 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter that, accepted as true, "state[s] a claim to relief that is plausible on its face." *SEC v. Tambone*, 597 F.3d 436, 442 (1st Cir. 2010).

A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Marrero-Rodríguez v. Municipality of San Juan,* 677 F.3d 497 (1st Cir. 2012). The *Twombly* standard was further developed in *Ashcroft*, advising lower courts that "determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft, 556 U.S.* at 679. "In keeping with these principles, a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*. In sum, allegations in a complaint cannot be speculative and should cross "the line between the conclusory and the factual." *Peñalbert-Rosa v. Fortuño-Burset*, 631 F.3d 592, 595 (1st Cir. 2011).

## B.  Standard for nondischargeability under 11U.S.C. § 523(a)(6)

Section 523(a)(6) of the Bankruptcy Code provides that "[a] discharge under section 727, 1141, 1192, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt-… for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). To succeed on a claim under this exception, a creditor must establish that the debtor caused the injury, and that the debtor's actions were both willful and malicious. *Jones v. Svreck (In re Jones)*, 300 B.R. 133, 139 (B.A.P. 1st Cir. 2003). The burden of proof rests on the creditor, who must demonstrate by a preponderance of the evidence that the injury giving rise to the debt was both willful and malicious. *Reynolds-Marshall v. Hallum (In re Reynolds-Marshall)*, 162 B.R. 51, 56 (D. Me. 1993); *Ortiz v. Ovalles (In re Ovalles)*, 619 B.R. 23 (Bankr. D.P.R. 2020). The terms "willful" and "malicious" represent two distinct requirements under § 523(a)(6) and need to be analyzed distinctly. *Albert v. Nason (In re Nason)*, 654 B.R. 644, 647 (Bankr. D. Me. 2023).

Various courts have defined "willful" as a deliberate or intentional act that necessarily leads to injury. In *Printy v. Dean Witter Reynolds, Inc.*, 110 F.3d 853, 859 (1st Cir. 1997) the court mentioned that an intentional wrongful act that either results in harm or is substantially certain to cause harm, and is committed without just cause or excuse, may constitute a willful and malicious injury under § 523(a)(6). Although, something more than a voluntary act is required, it is not necessary for the debtor to have had a specific intent to injure. *Pinty*, 110 F.3d at 859.  In *Reynolds-Marshall,* the court stated that "[t]he intent required is the 'intent to do the act at issue, not intent to injure the victim.'" 162 B.R. at 55 (internal citations omitted).  *In re Pereira*, 638 B.R. 260, 262 (Bankr. D. Mass. 2022) clarifies that under "willfulness" includes acts that a debtor knows with

substantial certainty will result from his act. An actor intends the consequences of his actions if he "knows that the consequences are certain, or substantially certain to result from his act."[2]

To satisfy the "malicious" requirement of § 523(a)(6), a creditor must establish that the debtor's conduct was not only intentional, but also wrongful and carried out without just cause or excuse. *Albert v. Nason (In re Nason)*, 654 B.R. 644, 651 (Bankr. D. Me. 2023). Malice, as interpreted in this context, does not require a showing of personal animosity, hatred, or ill will. Instead, it refers to conduct that is deliberately harmful or undertaken with conscious disregard for the rights of another. *Ortiz,* 619 B.R. at 30. An injury qualifies as malicious if it results from acts that were certain or almost certain to inflict harm and were motivated by a wrongful purpose. *Printy,* 110 F.3d at 859; *Ortiz,* 619 B.R. at 30. Courts have repeatedly held that negligence or recklessness, standing alone, does not rise to the level of malice under this standard. *Reynolds-Marshall,* 162 B.R. at 55; *Ortiz,* 619 B.R. at 30. Rather, the debtor must have acted with a specific intent to cause harm, or in conscious disregard of their duties, knowing that the act was wrongful or lacked justification. *Albert,* 654 B.R. at 651; *Ortiz*, 619 B.R. at 31.

## III.     DISCUSSION

We are faced with a motion to dismiss, which requires us to look at the allegations in the complaint and consider them as true. Upon review of the allegations, we find facts that, taken to be true, are enough to establish a plausible claim for relief. Those facts are the following: (1) Defendant moved soil on his property and as a consequence, a series of landslides occurred on Plaintiff's property due to Defendant's actions; (2) Defendant was asked to stop and was made aware by Plaintiff of the consequences of his actions; yet Defendant continued with the activity; (3) Defendant did not possess the necessary government permits for this activity; and (4)

---

[2] Restatement (second) of Torts § 8A, Comment b (1965).

-5-

Defendant moved soil in order to build a workshop and built a wall to protect his property; however, it did not prevent landslides on Plaintiff's property.

These facts, if true, may be enough to support nondischargeability under 11 U.S.C. § 523(a)(6). The first fact satisfies one of the key elements of § 523(a)(6), which is that the debtor must have caused the injury. The remaining facts comply with the "willful" and "malicious" requirements of § 523(a)(6). Despite being warned of the consequences and asked to stop, Defendant chose to proceed, acting without the necessary permits and continuing conduct despite warnings. These facts, considered as true at this juncture of the proceedings, may indicate willful behavior. If proven at trial, these facts may meet the standard for willful and malicious injury under § 523(a)(6).

Given that the allegations in the complaint are sufficient at this early stage of the proceedings to sustain the request for nondischargeability, we will deny the motion to dismiss.

IV.    CONCLUSION

This court finds that that Plaintiff's claim is plausible and should not be dismissed.

Accordingly, the motion to Dismiss (Docket No. 10) is denied and the hearing to consider the matter on June 4, 2025, at 9:00 A.M. is vacated and set aside (Docket No. 19).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 27th day of May, 2025.

_____
MILDRED CABAN FLORES
United States Bankruptcy Judge