IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>DANIEL LOPEZ DEL VALLE<br><br>Debtor | CASE NO. 24-04580 (MCF)<br><br>CHAPTER 7 |
| FERNANDO APONTE AVILES<br><br>Plaintiff<br><br>v.<br><br>DANIEL LOPEZ DEL VALLE<br>ROBERTO ROMAN VALENTIN<br><br>Defendants | ADVERSARY NO. 25-0002 (MCF) |

**OPINION AND ORDER**

This adversary case involves a sad tale between friends who purchased a parcel of vacant land together. The Debtor-Defendant, Daniel Lopez Del Valle, made alterations to his land that harmed the adjoining land owned by Plaintiff, Fernando Aponte Aviles. A state court entered judgment finding that the Debtor was negligent and requiring certain reparations to prevent further damage. Before the deadline to take the necessary actions to remediate the situation, the Debtor filed for bankruptcy. The injured party filed this adversary action to prevent the Debtor's obligations from being discharged under 11 U.S.C. § 523(a)(6). [1]

The Plaintiff files a motion for summary judgment (Docket No. 54). After reviewing it, the court holds that there are certain disputed facts which are necessary to determine whether the Debtor's actions caused willful and malicious injury to the Plaintiff and/or his property.

[1] Unless otherwise indicated, all references to "Bankruptcy Code" or to specific statutory sections are to the Bankruptcy Reform Act of 1978, as amended, 11 U.S.C. §§ 101-1532. All references to "Bankruptcy Rule" are to the Federal Rules of Bankruptcy Procedure, and all references to "Rule" are to the Federal Rules of Civil Procedure. All references to "Local Bankruptcy Rule" are to the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Puerto Rico. All references to "Local Civil Rule" are to the Local Rules of Civil Practice of the United States District Court for the District of Puerto Rico.

Some of these disputed facts include, but are not limited to, the dates of the Debtor's actions and alleged warnings made by the Plaintiff and the agreements, if any, entered into by the parties regarding the Law 140 complaints. Given that the court must conduct a trial limited to these factual issues, the motion for summary judgment is denied. We explain below.

## I. POSITION OF THE PARTIES

The Plaintiff contends that the Debtor's debt owed to him should not be discharged because he willfully and maliciously caused his injury. The Debtor altered his property, resulting in landslides on the Plaintiff's property. To remedy the situation, the Plaintiff filed a complaint for damages and injunctive relief against the Debtor. The state court determined that the cuts made to the Debtor's property caused damage and pose a continuing risk of further landslides without a proper retaining wall. Based on the favorable state court judgment, the Plaintiff argues in bankruptcy court that the Debtor's actions were willful and malicious because he made alterations to his land without the proper permits and surveys, and that he knew that these alterations would cause landslides on the Plaintiff's land.

The Debtor counters that the bankruptcy court must determine whether his actions constitute willful and malicious injury under § 523(a)(6). The Debtor dismisses the state court judgment as being irrelevant on the issue of willful and malicious injury for a nondischargeability determination. The issue before the state court was whether the Debtor was negligent. The state court did not pass judgment on the Debtor's state of mind and whether any acts complained of were done with willful and malicious intent.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the burden of proof. *Vega-Rodriguez v. Puerto Rico Tel. Co.*, 110 F.3d 174, 178 (1st Cir. 1997). To oppose a summary judgment motion, the nonmovant must show that there is a genuine issue of fact for trial or that the movant is not entitled to judgment as a matter of law. *McCarthy v. Northwest Airlines*, 56 F.3d 313, 315 (1st Cir. 1995). The court does not weigh the evidence or resolve factual disputes but rather ascertains whether a genuine issue of material fact exists for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). If the court does not grant all the relief requested in the summary judgment motion, it can enter an order

identifying material facts (including an item of damages or other relief) that are not genuinely in dispute and treating the facts as established in the case. Fed. R. Civ. P. 56(g); Fed. R. Bankr. P. 7056.

## III. UNCONTESTED FACTS AND PROCEDURAL HISTORY

The court adopts the factual findings in the state-court judgment under the collateral estoppel doctrine.[2] This doctrine applies when a valid, firm, and final judgment resolves a fact essential to the judgment, and that determination is conclusive in a subsequent lawsuit between the same parties, even if different causes of action are involved. *Beníquez Méndez v. Vargas Seín*, 2012 TSPR No. 2, 184 D.P.R. 210, 2012 Juris P.R. No. 15 (P.R. 2012); *Sistemas Integrados De Salud Del Suroeste, Inc. v. Medical Educ. & Health Servs. (In re Medical Educ. & Health Servs.)*, 474 B.R. 44, 54 (D.P.R. 2012). "A judgment rendered in a state court is entitled to the same preclusive effect in federal court as it would be given within the state in which it was rendered." *In re Sonus Networks, Inc, S'holder Derivative Litig.*, 499 F.3d 47, 56 (1st Cir. 2007) (citing *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81, 104 S. Ct. 892, 79 L. Ed. 2d 56 (1984)).

The state court case involved the Plaintiff and the Debtor, and the state court entered a valid, firm, and final judgment against the Debtor, albeit on a different cause of action. The judgment rendered factual findings regarding the Debtor's acts on his land that caused landslides on the Plaintiff's property. These facts are conclusive in this lawsuit between these parties.[3] For those reasons, we treat those facts as established in the adversary case. Consequently, the state court judgment has the same preclusive effect in bankruptcy as in state court, under 28 U.S.C. § 1738 (the full faith and credit statute). It would be unfair to the parties to relitigate a three-day trial where the state court visited the premises, heard testimony from lay witnesses and experts, as well as received documentary evidence. As such, the court recites the undisputed facts by the parties and the facts determined by the state court.

In 2002, the Plaintiff and the Debtor purchased together barren land located in Sector Mejías, Guavate Ward, Municipality of Cayey, Puerto Rico. The following year, they divided the

[2] The Debtor does not challenge the facts determined by the state court judgment but dispute their sufficiency.

[3] The state court case involved three parties: the Plaintiff on one side and on the defendants were the Debtor and Migdalia Franco Melendez. This adversary case involves only the Plaintiff and the Debtor; it does not involve Migdalia Franco Melendez, who did not file for bankruptcy.

property into two parcels. The Plaintiff acquired the parcel located at a higher elevation on Carr. 743 KM 4.1. The Debtor's parcel is located on Carr. 743, KM 4.2.

Two decades later, the Plaintiff filed a civil action for permanent injunction and damages against the Debtor and Migdalia Franco Melendez, who lives on the Debtor's property (Civil Case No. GM2022CV00536 before the Commonwealth of Puerto Rico, Court of First Instance, Humacao Part). The Debtor and Franco Melendez brought a counterclaim against the Plaintiff. After a three-day trial, the state court determined that the land cuts carried out by the Debtor and Franco Melendez "without the authorization of the relevant authorities were done negligently and led to the destabilization of the slope between the two adjacent properties. This caused landslides on the Plaintiff's property, putting it at risk of further subsidence." Docket No. 1 at 30-31.

The state court found that the Debtor and Franco Melendez:

> engaged in earthmoving and construction projects on their property. In the process, [they] made multiple cuts into the land without building a structure to stabilize the terrain or manage runoff water from the upper portion of the slope.
>
> …
>
> [They] made one of those land cuts to build an auto shop. To protect this auto shop, the Defendant built a cinder block wall. While this wall may protect the auto shop, it fails to prevent landslides on the Plaintiff's property.
>
> Additionally, [they] made another cut in the land, creating an embankment to access the roof of his home. This has also led to landslides on the Plaintiff's property.
>
> …
>
> The Defendant made those land cuts without conducting the required geotechnical studies.

Docket No. 1 at 36.

On August 23, 2024, the state court entered a judgment in favor of the Plaintiff and dismissed the counterclaim filed by the Debtor and Franco Melendez. The state court issued an injunction ordering the Debtor and Franco Melendez "to refrain from making cuts and earthmoving activities on the slope between the properties without obtaining the necessary permits." Docket No. 1 at 38. The state court ordered them to pay the Plaintiff $5,000 in damages

and $5,000 in court costs, expenses, and attorney's fees. The state court required them to build a retaining wall with certain specifications:

> to stabilize the slope between the properties of both parties, at their own costs and under penalty of contempt, within a period of six (6) months and after conducting the required studies and obtaining the proper permits. This engineering project is necessary to restore the stability of the slope between the properties and thus prevent greater damages.

*Id.*

The total amount would accrue interest from the date of the judgment.

Four months after the state court judgment, the Debtor filed a voluntary petition under Chapter 7. The Plaintiff filed Proof of Claim No. 1-1 for $400,000, as unsecured for "wrongful acts damages on creditor's property and torts." Shortly thereafter, the Plaintiff brought this adversary action to prevent a discharge of his claim. The Debtor moved to dismiss the complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6), which is incorporated by Fed. R. Bankr. P. 7012. The court denied the dismissal motion because the complaint contained sufficient facts to plausibly allege willful and malicious injury under § 523(a)(6).

In summary, as established by the state court judgment, it is undisputed that the Debtor's indiscriminate land cutting without authorization, permits, and conducting required studies caused landslides on the Plaintiff's property which forced him to move out of his house; and that this situation continues to cause significant damage to the Plaintiff, including the risk of future landslides affecting his property.

## IV. GOVERNING LAW AND ANALYSIS

Generally, an individual who files a Chapter 7 receives a discharge "from all debts that arose before the date of the order for relief." 11 U.S.C. § 727(b). Except that certain debts specified in § 523(a) do not discharge an individual debtor. One of those nondischargeable debts is "for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). To prove this exception, the creditor must establish both prongs -willful and malicious injury. *Old Republic Nat'l Title Ins. Co. v. Levasseur* (*In re Levasseur)*, 737 F.3d 814, 818 (1st Cir. 2013). The Bankruptcy Code does not define these terms.

The First Circuit explained these terms in *Printy v. Dean Witter Reynolds, Inc.*, 110 F.3d 853, 859 (1st Cir. 1997), as follows:

> To fall within the exception of section 523(a)(6), the injury to an entity or property must have been willful and malicious. An injury

> to an entity or property may be a malicious injury within this provision if it was wrongful and without just cause or excuse, even in the absence of personal hatred, spite or ill-will.
>
> The word "willful" [sic] means "deliberate or intentional," referring to a deliberate and intentional act that necessarily leads to injury. Therefore, a wrongful act done intentionally, which necessarily produces harm or which has a substantial certainty of causing harm and is without just cause or excuse, may be a willful and malicious injury. While something more than a mere voluntary act is necessary to satisfy the scienter requirement of *section 523(a)(6)*, specific intent to injure is not necessary.
>
> The malice element of *section 523(a)(6)* requires an intent to cause the harm, and the fact that the injury was caused through negligence or recklessness does not satisfy that standard of proof. An injury inflicted willfully and with malice under *section 523(a)(6)* is one inflicted intentionally and deliberately, and either with the intent to cause the harm complained of, or in circumstances in which the harm was certain or almost certain to result from the debtor's act.

*Printy*, 110 F.3d at 859 (referring to Collier on Bankruptcy ¶ 523.12 (15th ed. 1996)(footnotes omitted).

The Supreme Court in *Kawaauhau v. Geiger*, 523 U.S. 57 (1998), defined a willful injury as requiring "a deliberate or international injury, not merely a deliberate or intentional act that leads to injury." *Id.* at 61. It explained that "intentional torts generally require that the actor intend 'the consequences of an act,' not simply 'the act itself.'" *Id.* (citing *Restatement (Second) of Torts* § 8A). "In light of the Supreme Court's citation to the Restatement (Second) of Torts, courts have concluded that the Supreme Court meant the willfulness element to include actions intentionally done and known by the debtor to be 'substantially certain to cause injury.'" *Hermosilla v. Hermosilla (In re Hermosilla)*, 430 B.R. 13, 22 (Bankr. D. Mass. 2010) (footnotes omitted). Specifically, "[w]illfulness requires a showing of intent to injure **or at least of intent to do an act which the debtor is substantially certain will lead to the injury in question**." *In re Stewart*, 948 F.3d 509, 528 (1st Cir. 2020)(citing *In re Levasseur*, 737 F.3d at 818)(emphasis added).

By defining "willful" injury as intentional acts, courts and commentators have struggled to distinguish that term from "malicious" injury, which "the Supreme Court has interpreted the statutory term 'malicious' to require a wrongful act that is done intentionally without just cause or excuse. Jonathon S. Byington, Debtor Malice, 79 Ohio St. L.J. 1023, 1032 (2018). *See also*

*McAllister v. Slosberg (In re Slosberg)*, 225 B.R. 9, 22 (Bankr. D. Me. 1998)(implied malice encompasses what we now know as willfulness).

Despite the overlap between willful and malice, the First Circuit continues to use the *Printy* standard on malice, post-*Geiger*. Although a bankruptcy court within this circuit has expounded that "[m]alice thus has both objective and subjective elements: the injury must have been objectively wrongful or lacking in just cause or excuse; and the debtor must have inflicted the injury in 'conscious disregard' of her duties, meaning that she has to have been aware that the act was wrongful or lacking in just cause or excuse." *Whittaker v. Whittaker (In re Whittaker),* 564 B.R. 115, 149 (Bankr. D. Mass. 2017) (citing *Levasseur,* 737 F.3d at 818).

Thus, this court will adhere to the *Printy* standard that willful injury under § 523(a)(6) is a debtor's intentional injury or an injury from a debtor's intentional act in which the debtor knows either that the act necessarily leads to injury or has substantial certainty that will lead to injury. A malicious injury is an injury resulting from a debtor's wrongful act or without just cause or excuse in a conscious disregard of his duties; meaning that debtor was aware that the act was wrongful or lacking in just cause or excuse.

In our case, the Debtor, without disputing the facts established by the state court in its judgment, points out that these facts are insufficient to prove whether his actions were willful and malicious under § 523(a)(6) to deprive him of his discharge regarding the debt owed to the Plaintiff. We agree. The state court judgment passed upon the Debtor's negligence. This court must resolve whether the acts taken by the Debtor were willful and malicious to deprive him of a discharge. We find that there are insufficient facts in the state court judgment and/or any other evidence on record to sustain a determination of a "willful and malicious injury" under § 523(a)(6). There are still disputed facts that need to be proven. Looking at the "willful" prong, there is a contested fact on whether the Debtor intended the injury to the Plaintiff or to his property, or whether the Debtor had substantial certainty that his intentional acts would lead to the injuries to the Plaintiff or his property. As to the "malicious" prong, the Debtor engaged in land alterations in a mountainous region without obtaining the proper permits and conducting geotechnical studies. Such intentional actions caused harm (i.e., landslides) to the Plaintiff and his property that was certain or almost certain to result from the Debtor's act. Yet, there is a disputed material fact as to whether the Debtor was aware that the act was wrongful.

Consequently, we narrow the scope of the trial to findings of fact related to the elements of "willful and malicious." We will conduct a trial limited to clarifying certain disputed facts,

not addressed by the state court judgment. Under Rule 56(g) of the Federal Rules of Civil Procedure, the Court may determine that certain material facts are uncontested and establish those facts as undisputed for trial. *Montoya v. Sasso (In re Sasso)*, 550 B.R. 550, 553 (Bankr. D.N.M. 2016). Rule 56(g) provides: "If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact—including an item of damages or other relief—that is not genuinely in dispute and treating the fact as established in the case." "The purpose of [the rule] is twofold: to salvage some of the judicial effort involved in the denial of a motion for summary judgment and to streamline the litigation process by narrowing the triable issues." *D'lorio v. Winebow, Inc.,* 68 F. Supp. 3d 334, 356 (E.D.N.Y. 2014)(citations omitted). "The decision of the Court to enter an order limiting relief under Rule 56(g) 'is a matter of discretion.'" *Id.* We will determine if the Debtor's indiscriminate land cutting was willful and malicious under § 523(a)(6) by applying the present standard established in *Printy*.

V. CONCLUSION

For the reasons expressed, the Plaintiff's motion for summary judgment is denied. Consequently, the parties are ordered, within 28 days, to file a joint pretrial report limited to the issues of: i) whether the Debtor intended the injury to the Plaintiff or his property or the Debtor had substantial certainty that his intended acts would lead to the injuries to the Plaintiff or his property; and ii) whether the Debtor was aware that the act was wrongful or lacking in just cause or excuse. A pretrial conference is scheduled for November 4, 2026, at 9:00 A.M., at the U.S. Bankruptcy Court, Jose V. Toledo Federal Building and US Courthouse, 300 Recinto Sur Street, Second Floor, Courtroom 1, Old San Juan, Puerto Rico.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 30th day of September 2026.

Mildred Caban

MILDRED CABAN FLORES
United States Bankruptcy Judge